## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  8:10CR158 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MANUEL HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on the defendant's Motion to Dismiss Second Superseding Indictment (#300).  On March 23, 2011 a grand jury returned a second superseding indictment naming the defendant (The Local Rule 7.2 notice states the difference between the second superseding indictment and the previous indictment is the naming of three additional defendants in Counts I and II).  The defendant's motion raises the issue of whether the government's March 8, 2011 appeal (#212) to the Eighth Circuit Court of Appeals of this court's suppression of all evidence obtained as a result of the October 22, 2009 Nebraska wiretap, results in a jurisdictional defect in this court rendering it without jurisdiction to hear matters during the appeal.  Neither the government nor the defendant directed the court to any criminal case law specifically addressing the issue. There are, however, numerous Eighth Circuit civil cases addressing the issue of "collateral" matters which may be addressed during appeal.  Those cases are summarized in the government's brief (#321) and will not be listed here.

I find that the defendant's motion should be denied, specifically I note that the superseding indictment as filed is collateral to the issue of suppression raised on appeal. Holding otherwise would handcuff the government and result in the government's and the

court's inability to pursue collateral matters during the pendency of a limited appeal. Further, the adoption of the defendant's position would result in the government's inability to charge in superseding indictments, additional co-conspirators.

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss Second Superseding Indictment (#300) is denied.

2. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 12th day of May 2011.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge